## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **VRP LAW P.C.  aka VRP LAW GROUP** | ) | |
| **AND ON BEHALF OF VRP LAW GROUP,** | ) | |
| **CLIENTS, SUCH AS, DORIAN FLOWERS** | ) | |
| **AND RENT SNAPPER LLC AND UNKNOWN** | ) | |
| **CLAIMANTS,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| v. | ) | **No. 2014 CH 10356** |
| | ) | |
| **JOHN FERGUSON,** | ) | **Jury Demanded** |
| **And JOHN and JANE DOES,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, COPYRIGHT INFRINGEMENT, INTENTIONAL INTERFERENCE WITH VRP LAW GROUP'S ENGAGEMENT AGREEMENT AND PROSPECTIVE ECONOMIC ADVANTAGES, INTENTENTIONAL INTEFERENCE WITH BUSINESS RELATIONSHIPS, ILLINOIS RIGHT OF PUBLICITY ACT, TRADE SECRET MISAPPROPRIATION AND COMPUTER FRAUD ABUSE ACT VIOLATIONS

**NOW COMES,** the Plaintiff, VRP Law P.C. aka VRP Law Group, its Clients, and Unknown Claimants ("Plaintiffs") in their Complaint against the Defendants, John Ferguson, Jane and John Does, and ("Extremely Motivated and Offensive Hackers, Harassers and Retaliators" "EMOHHR", and "Direct Motivated Offensive Hackers, Harassers and Retaliators" or "DMOHHR") the Plaintiffs, allege and states as follows:

### PARTIES AND FEDERAL COURT AND
### SUPPLEMENTAL JURISDICTION

1. Defendants have engaged in a number of activities that are designed to interfere with Plaintiff and its Clients' civil rights, business operations, employee relationships, client relationships, theft of clients lists, and interference with routine backup and security protocols of VRP Law Group, including efforts to change or modify standard settings on VRP Law Group's technology and business and/or its Managing Attorney's electronic, computers, laptops, and cell phones or other similar assets.

1

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

2. Subject matter jurisdiction is appropriate under the Lanham Act and the US Copyright Act's protection of Moral Rights of Authors under *section 106 (a). (See 28 USC 1331).* Supplemental jurisdiction is proper under *28 USC 1367,* Illinois Right of Publicity Act, the Illinois Trade Secrets Act, Intentional Interference with Contractual and Business Relationships and Prospective Economic Advantage. Venue is proper in the Northern District of Illinois, Eastern Division under *28 USC 1391.*

3. Plaintiffs' are VRP Law P.C. aka VRP Law Group and Dorian Flowers and Rent Snapper LLC., 2041 W. Carroll Ave., Suite C-208, Chicago, IL 60612.

4. As discussed, John Ferguson is an Extremely Motivated Offensive Hacker, Harasser and Retaliator ("EMOHHRs") that has threatened and engaged in, efforts to interfere with VRP Law Group's routine business procedures, security procedures, evidence gathering techniques, investigation of claims and a variety of other efforts to disrupt Plaintiffs' business and clients Relationships.

5. Level Office may be an interested third party, because it was on notice of the hacking and harassment by Mr. John Ferguson. Despite efforts to notify, Level Office, it was unwilling to follow our legal advice with respect to implementing additional and corrective security measures that could have limited, prevented, or restricted attempts to access any Tenants servers.

6. This is not subject to confidentiality and is just one, of a number, of methods that VRP Law Group attempted to help Level Office respect the Privacy Rights of its Clients and Level Office's other Tenants and still make a profit with a new service. Implementation of, VRP Law Group's legal advice would have, further, protected its LAN, T-Mobile Hot Spots, AT&T Mobile Hot Sport, or other Work Groups and the Contents, found therein, from EMOHHRs like John Ferguson.

7. Instead of, assisting VRP Law Group and its Clients, in dealing with the problems created by Mr. John Ferguson, Level Office in bad faith refused to pay $9,700 or provide a $5,000 fee deposit.

8. Further, in a surprising turn of events, Level Office pushed Plaintiffs out the door, instead of John Ferguson. Level Office engaged in a bad faith early, termination of a twelve month lease with VRP Law Group. This Lease was something that we negotiated in Good Faith and wanted to use to recover and get back to routine operations, from the last incident. Specifically, dealing with another similarly, Extremely Motivated Offensive Hacker, Harasser and Retaliator by the name of Tony Kantor at Chambers Business Suites Inc.

9. However, in an effort to move on, and avoid further disruption of business, clients, interested third parties, other victims, and vendors' lives we relocated on December 8, 2015 to our new location of VRP Law Group, 2041 W. Carroll Ave., Suite C-

2

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

208, Chicago, IL 60612. However, Level Office and its computer and telecommunications company or vendor has still failed to provide the following numbers 312-854-7090, 312-854-7091 to port over and have AT&T install and provide four to six new business lines.

10. In the interim, in an effort to avoid any service disruption to VRP Law Group's existing clients, to implement corrective measures, to increase efficiencies and overcome the challenges created by EMOHHRs and a DMOHHR, we have undertaken the following efforts:

    a. Purchased five, or more new computers to avoid business disruption and still maintained the old computers in the same condition as they were at Level Office at 73 W. Monroe Street, Suites 211 & 219;

    b. Four to five new cell phones and added a secondary service provider to enable clear and direct client communications;

    c. Created three to four new email accounts for direct communications to Clients and provided updated contact information;

    d. Implemented and acquired a secondary Mobile Hot Spot to temporarily avoid service disruption, while waiting for new internet services to be installed by AT&T;

    e. Made more than, five to ten trips to mobile cell phone stores and service providers;

    f. Made more than, five to ten efforts to acquire contacts, old emails, and old email accounts, and enabled two step verification processes to protect the security of our email accounts;

    g. Acquired a variety of hard drives, flash drives, USB and cloud storage services to implement new security protocols, in addition, to the old VRP Law Group LAN;

    h. Contacted a number of IT Network, email service providers, web and blog hosting vendors, identity thief consultants and data security consultants to implement corrective measures and new security protocols; and

    i. We have also, started recruiting of new personnel and staff by posting opening for new contractors and employees. Nevertheless, we retained our docketing department in India, Denny Esford, Yelena Rivtis, David Oskin, and/or Mark Arnecilla on, an as needed and flexible basis to ensure that VRP Law Group does not run out of resources for its Clients.

**Copyrights Retained by Vihar R. Patel**
**and VRP Law Group 2015**

11. John Ferguson is an individual and a former co-tenant at Level Office, where VRP Law Group used to Office at 73 West Monroe Street, Suites 211 and 219, Chicago, IL 60603.

12. John Ferguson and unknown John or Jane Does, defined as known, suspected or Extremely Motivated Offensive Hackers, Harassers and Retaliators ("EMOHHR") known only, by their Internet Protocol (IP Addresses), and unique identifying numbers.

13. Third Party, Scout is located at 320 N. Damen Ave., Suite C-208, Chicago, IL 60612. This would be a Direct Motivated Offensive Hacker, Harasser and Retaliator ("DMOHHR") that has also, engaged in efforts to hack, harass and retaliate.

**UNFAIRLY COMPETITIVE AND OFFENSIVE ACTS DESIGNED TO HARASS, DISRUPT AND IMPEDE THE PLAINTIFF'S BUSINESS AND OPERATIONS, CLIENTS' RELATIONSHIPS, COLLECTIONS OF RECEIVABLES FROM CLIENTS OR FORMER CLIENTS, AND DIRECT COMMUNICATIONS WITH FAMILY, CLIENTS, PROSPECTS, VENDORS, OTHER COLLEAGUES AND PROFESSIONALS.**

14. However, Plaintiffs are excluding, any other Similar Victims, or Individuals just listening in good faith. To avoid victimization of innocent individuals, we are excluding, individuals that are or were misled, lied to, making innocuous or non-offensive comments, or having a bona fide intent to protect other, repeat victims.

15. Plaintiffs are attempting to avoid repeat offensive harassing, hacking, threatening, intimidating actions, including, but not limited to, statements about "preventing them from succeeding in business," "threatening to take our integrity away" threatening to disrupt our clients and business relationships, hacking to access audio recordings of evidence of their, ongoing, harassment via oral statements going as, far back as, July 2014.

16. Plaintiffs are seeking to avoid further, disruption of business operations, attempts to interfere with the Plaintiffs' business, its' operations, communications, copying or modification of VRP Law Group's electronic records, operations materials, or engaging in repeated instances of taking of audio recordings, taking of client lists, taking of VRP Law Group's intellectual property, taking VRP Law Group's Clients' Records and their Intellectual Property, or related electronic files and folders.

17. Despite efforts to speak directly, with Mr. Ferguson, an "EMOHHR" on three separate occasions, to get him to stop his hacking, harassing and retaliatory acts and threats; Mr. Ferguson continued to engage in the forms of hacking, harassment or retaliatory action to prevent Plaintiffs' from succeeding, such as, follows:

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

a.  Attempted to interfere, disrupt or restrict, the Plaintiffs' business operations, corrective measures and extremely secure LAN with an Up To Date and Highly Recommended Buffalo Wireless LAN Switch/Router (See Exhibit A: Unknown SSID's interfering with Plaintiff LAN (VRP Law Group-G) and Avoiding use of Less Secure Shared Co-Tenant's Wi-fi Not Default Settings to Auto Connect to Unknown Wi-fi);

b.  Attempt to interfere, disrupt, and restrict Direct communications with clients, employees, contractors, vendors, sources of referrals, and repeat work from existing Clients in the following manner:

1  Attempts to interfere, disrupt, and restrict diligent efforts to access and communicate to all Clients using patelvihar2011@gmail.com, officemanager@vrplawgroup.com vihar@vrplaw.com, vihar@vrplawgroup.com (despite multiple efforts to have these forwarded to vrplawgroupchicago@gmail.com);

2  Attempts to interfere, disrupt, and restrict access or steal of LG Optimus 90 Cell Phone to prevent access to a 2 step verification process added for additional security features with a number of 312-334-5020 (Exhibit B);

3  Attempts to interfere, disrupt, and restrict diligent and direct access to Clients by interfering with use of three (3) to four (4) different cell phones from T-Mobile, Interfering with three (3) to four (4) cell phone and change providers to AT&T and/or requests for face to face meetings;

5

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

4    Attempts to interfere, disrupt, and restrict diligent efforts to go above, and beyond routine protocols to purchase new Lennovo computers, Asus computers, laptops and related efforts to maintain chain of custody and acquire additional resources to protect against possibility of hacking and modification of system settings of old computers;

5    Attempts to interfere, disrupt, and restrict diligent and direct efforts to send communications to Clients and providing additional information about the Victims Bill of Rights Against Hacking, Harassment and Retaliation (Exhibit C); and

6    Attempts to interfere, disrupt, and restrict diligent and direct efforts to have Ed Rafa, come in and set up new computers and reset the LAN in a manner, similar set up by Ed Rafa at Level Office.

c.  Altering, copying or modification of VRP Law Group's clients, electronic records, and operational materials to acquire otherwise, confidential information or make material changes to the electronic files;

1    Attempts to interfere, disrupt, and make changes to electronic records in audio recordings of folder called VRP Law Group v. John or Jon Ferguson. (See Exhibit D).

2    Attempts to interfere, disrupt, and make changes to image files of materials during a blocked effort to hack and acquire audio recordings or related materials on October 29, 2014. (See Exhibit E).

d.  Engaging in one, or more instances of attempts to acquire, take, misappropriate, copy or infringe copyrights to audio recordings of harassment and private confidential communications; and

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

e.  Identifying the EMOHHRs, DMOHHRs, Victims or other innocent interested third parties based on **a good faith efforts to listen and defend others** from offensive harassment and hacking to protect the Victims or their families (See. Exhibit F):



f.  Identification of other, EMOHHRs and/or DMOHHRs based on their efforts to create anonymized and hidden IP Addresses that are not subject to a simple reverse IP Address Search (See. Exhibit F):



g.  Attempts to access VRP Law Group's corrective measures to use the T-Mobile Hot Spot for Increased Security and avoid auto connections to Level Office Shared Wifi. Permitting unique SSIDs, and unique passwords and limiting capacity of users on the Mobile Hot Spot.  For example, see limit in number of Unknown SSIDs attempting to access based on more limited number of users on the T-Mobile Hot Spot—purchased by VRP Law Group

**Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015**

to provide more secure and a back up to VRP Law Group LAN—set up by Ed Rafa. (See. Exhibit A).



h.  Attempting to use a Generic Virtualapp/didilogics generic fake certificate to access a hidden administrator account to exploit an old Windows 7 and XP vulnerability (Exhibit G Fake Certificate and Windows Exhibits):



18.  Requiring Plaintiffs and its Clients' to engage in a variety of Information Technology Audits, Data Security, Cybersecurity, and Anti-Hacking and Harassment activities, including, but not limited to, the following:

a.  Utilizing good successful security measures and business practices, including five (5), or corrective measures and requiring confidentiality, of any third party, accessing portions or samples of confidential copyrighted

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

audio recordings of harassment and private confidential communications (VRP Law Group's Of Counsel Agreement and Confidentiality and Intellectual Property Assignment Agreement to be produced under a Protective Order and/or in camera proceeding);

b.  Utilizing twenty (20) or more, corrective efforts and measures to successfully, prevent inchoate acts to acquire password protected files (Redacted Copies of VRP Law Group's Operational Manuals and File Security Procedures will be shared under properly authorized Protective Order and/or in camera);

c.  Utilizing ten (10) or more, corrective efforts and measures to successfully, prevent inchoate acts to acquire the electronic and file records (VRP Law Groups Just In Time Corrective Steps to address known, outdated and unknown vulnerabilities by creating customized security protocols);



d.  On more than ten (10) or more, attempts to use remedial efforts and innovative measures to successfully, implement legislation and security communications to increase Privacy Rights of Clients with a grass root movement and support of 2.6 million voters; (Redacted Copies of VRP Law Group's Confidential Communications to Legislators and Consulting Witnesses to be Produced under a Proper PTO and in camera proceeding) and/or

e.  On more that five (5) attempts using a variety of successful, risk management protocols that were communicated with Malpractice Carriers to increase awareness and reduce risk of loss of Clients' records and Third

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

Party Security Companies, such as, Google Inc., Kaspersky Inc., McAfee and T-Mobile and AT&T;

f.   Creating a routine for identifying vulnerabilities and protocols, for contractors and employees to follow (discussed with Rocky and Yelena, five (5) or, more times) with follow up emails after investigation to prevent exploitation of vulnerabilities;

g.   Discovering, identifying and preventing fake certificates (virtualapp/didilogic), unknown or garbage user name ("02usutuscgfdu") "Microsoft office live fake certificate" and use of hidden administrator accounts.   Undertaking further, corrective actions to remove, or successfully restrict remote access to local computers, on more than, ten (10) attempts (Exhibit G);

h.   Discovering, identifying and preventing Windows Defender vulnerabilities and preventing remote inbound and outbound connections.  On more than, two to three occasions to restrict placement of false internet access, or site history for VRP Law Group Users and to avoid corruption of VRP Law Group Clients' records (to be produced under a Protective Order and in camera proceeding);

i.   Discovering and identifying McAfee's Vulnerabilities and gaps in inbound and outbound connections, or site history for VRP Law Group Users. Preventing placement of false site histories, customized corrective measures, and to avoid corruption of VRP Law Group Clients' Records (to be produced under a Protective Order and an in camera proceeding);



j.   Discovering and identifying efforts to change permissions for different user profiles and passwords using PIN, Security Settings, Restrictions on Access and Permission to provide more than ten (10) customized solution depending on the nature of the severity and pervasiveness of the hacking and harassment to prevent use or access of VRP Law Group's assets,

**Copyrights Retained by Vihar R. Patel and VRP Law Group 2015**

Clients' Records or Intellectual Property (to be produced under a Protective Order and in camera proceeding);

k. Discovering and identifying efforts to change folder or directory permissions and preventing such efforts, on more than, three to five occasions;

l. Discovering, identifying and preventing efforts to modify system settings or use of 32 bit applications instead of preset 64 bit applications (including Google Chrome, instead of Internet explorer);

m. Creating increasingly, more secure risk management protocols on more than five (5) occasions to discover and disable "remote interactive logon", "anonymous logon", "secondary logon", "remote user." (Exhibit H).

n. Creating increasingly, more secure methods of managing and drastically reducing the loss of Clients' Records by duplication, evidence preservation, restricting LAN use, use of high Tech LANs and Routers, changing file permissions, changing hardware settings, restricting exposure of files to work needed for the project (to be produced under a Protective Order and in camera proceeding);

o. Creating increasingly, more complex blending of high and low tech security protocols in more than, fifteen (15) customized methods to ensure preservation of evidence and maintenance of Clients' Records and Confidentiality (to be produced under a Protective Order and in camera proceeding);

p. Creating more than ten (10) methods of providing increasingly, more and more secure confidential processes to prevent eavesdropping and preservation of Clients' Records (to be produced under a Protective Order and in camera proceeding);

q. Creating more than ten (10) increasingly, more and more secure confidential direct client communications to protect the Clients' confidentiality and Privacy protections (to be produced under a Protective Order and in camera proceeding); and

r. Working on legislation to provide increasingly, more and more rights to protect Victims of hacking and harassment by providing significant assistance and input in the Victims' Bill of Rights against Criminal Harassment to Supplement Rights against Criminal Hacking and increase Privacy. (Exhibit C).

19. Upon past experiences, Defendants, like Mr. Ferguson have a common method and pattern of attempting to engage in, repeated instances, of verbal and electronic

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

harassment and hacking without, regard to the Victim, his, hers or its Clients' needs for efficient business operations, Rights to Privacy, and violations of the IL Eavesdropping Act.

20. Mr. Ferguson has a tendency to spread false reports, false statements about VRP Law Group's business operations, methods of doing business, and securing the integrity of Clients' Records. The quality of the legal work, the IT Audit, financial viability, credit worthiness, evidence gathering and security processes to create false appearances and disrupt Victims, his, hers or its Clients' business, personal and professional relationships.

    a. Upon information and belief, Mr. Ferguson has or may, have misstated the number, nature and quality of our corrective measures and security efforts. The reckless disregard for the accuracy, misleading nature and falsity of Mr. Ferguson's Communications was apparent based on the pervasiveness and severity of the comments, such as, "VRP Law Group is not going to survive"; "going to go bankrupt"; "does not have enough contractors or employees"; and "that you will go bankrupt or I will drive you out of business";

    b. Mr. Ferguson has or may, have utilized a peer to peer network, similar to Napster to permit him to share, or transfer files, or records to any, other individuals that may have been to prevent VRP Law Group, its Clients and/or interested parties from having the evidence to demonstrate hacking and harassment based on a last minute file transfer protocol (FTP);

    c. Unfortunately, it is impossible without discovery, to determine when, why, with whom, and how Mr. Ferguson would choose to share, transfer or utilize these background or virtual file transfer protocols for electronic records; and

    d. Although we are aware of Mr. Ferguson's motives to access the unpublished copyrighted audio recordings and retaliate based on VRP Law Group's reports of harassment and hacking to Level Office; we are not able to identify all methods and manner of hacking, harassing and invading a victim's privacy and using a crazy story to hide evidence of it.

    e. We do not typically, respond or concern ourselves with, such threats and do not overshare confidential or actually client specific privileged information. For example, three audio recordings that were provided to Level Office were for a very limited purpose. We immediately followed up this sharing of the copyrighted audio recordings with a direct and explicit restriction to Level Office and its Officers/Employees with specific instructions prohibiting sharing of these types of recordings with any third parties.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

21. Upon information and belief, without delving into irrelevant, subject matter, Scout may become a necessary party for discovery and other evidence gathering purposes. However, Plaintiffs do not want to litigate and prefer to sue, as a means of last resort. Plaintiffs' desire to move forward and avoid unnecessary conflict with stubborn and unreasonably offensive hackers and harassers.

22. However, at some point, after repeated Victimization over an extended period of time, Plaintiffs cannot engage in a denial of the harms, lost economic opportunities, delay and difficulties in collections of receivables, business plans, delaying of copyright licensing based fee structure for IT Audits, opportunity costs of other more profitable ventures, including working capital and lines of credit for business plans.

23. Should Scout continue to engage in misconduct, in this form, of direct hacking, offensive harassment and retaliation, then Plaintiffs may, be required to sue it for similar claims relating to the Plaintiffs' business and operations.

24. At present, based on some investigation and evidence, it appears that Scout has engaged in misconduct and unfairly competitive activities relating to VRP Law Group's IT Audit practices and electronic evidence gathering techniques.

25. Hopefully, this illustrates the extent some individuals, or interested third parties, take advantage of Victims to put someone out of business by hacking, offensively harassing, and modifying the software license agreements and the complex system settings of electronic devices, such as, computers, cell phones, tablets and laptops.

**VRP LAW GROUP'S EFFORTS TO PROTECT ITSELF, ITS CLIENTS, OTHER VICTIMS AGAINST EXTREMELY MOTIVATED AND OFFENSIVE HACKERS, HARASSERS AND RETALIATORS (EMOHHRs). VRP LAW GROUP'S EXTREMELY GENEROUS, KIND, PATIENT AND TOLERANT NATURE AND DESIRE IS FURTHER DEMONSTRATED BY THE VRP LAW GROUP FUND FOR VICTIMS OF HACKING AND HARASSMENT NFP.**

26. VRP Law Group was successful in having a Victim's Bill of Rights against Criminal Harassment to supplement rights against Criminal Hacking. We were partially successful in protecting Victims from Criminal behavior, but a civil enforcement mechanism is still lacking for offensive hacking and harassment that can go undetected, for more than three (3) to twelve (12) months. (Exhibit C).

27. Moreover, Scout may further, become suspected, or shown to be interfering with VRP Law Group's business and operational procedures to decrease the financial strength, or viability of the Law Firm, its Owners, Contractors and Employees.

28. Scout is further, suspected of potentially, interfering with VRP Law Group's Clients' business, or related operational procedures to create false appearances, and

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

further, restrict VRP Law Group's contractors and employees from communicating directly with its Clients.

29. John Ferguson is one such, Extremely Motivated and Offensive Hacker, Harasser and Retaliator that has engaged in efforts, to electronically and verbally disrupt, harass, provoke, incite and repeatedly interfere with VRP Law Group and its Managing Attorney's ability to succeed in business.

30. Mr. Ferguson's motivation and desire to continue to interfere with VRP Law Group's business, or operations and extremely high desire to take away its Managing Attorney's Integrity can be illustrated in the following: "I want to take your Integrity", "I am going to drive you out of business", "I am going to take all your money", "I am going to disrupt your Clients' relationships"; and "you should be willing to take anything you can get from your clients, otherwise, they will not pay you."

31. Further, based on, past experience and evidence gathered to date, another Extremely Motivated and Offensive Hacker, Harasser, and Retaliator by the name of Serge Bieberman has also, lied and attempted to and may, still continue to misrepresent VRP Law Group's business practices and how it acquires Clients.

32. Mr. Bieberman has engaged in, unfairly competitive tactics that have hurt fellow attorneys and restricted their ability to practice law and prevent VRP Law Group, its Managing Attorney and many other local attorneys from similarly retaining clients and growing and competing in a fair manner without using hacking, harassment and retaliatory tactics to acquire or keep clients.[1]

33. Serge Bieberman is a former Managing Partner that has previously engaged, in unfairly competitive activities designed to interfere with VRP Law Group and its Managing Attorney's ability to create, operate and own, his own law firm through the efficient use of technology, daily, weekly, and monthly reports, operational manuals, and practice specific databases and forms.

34. Based on the evidence, gathered to date, Serge Bieberman is an individual that in the past, has attempted to restrict VRP Law Group's abilities to compete in the areas of Corporate, Cyberlaw, Information Technology, Mergers and Acquisitions, Employment, Intellectual Property, Privacy and Complex Commercial Litigation.

35. This motivation for each one of, these two separate actors--John Ferguson and Serge Bieberman arise from, the desire to acquire VRP Law Group's Clients,

---

[1] Unfortunately, some lawyers that practice law in a way that restricts competition and looks for unfair advantages that are based on a failure to consider their obligations to the Local Bar or their fellow attorneys like John Seneca and Serge Bieberman are a hindrance to a Litigant's access to Courts and a resolution on the merits. It appears that based on our communications and investigation there appears to be a need for more ethical obligations to the Court, fellow attorneys and to clients to refrain from abusing and misusing technology to invade Privacy rights. One such, other attorney that can benefit from unlearning some these legal tactics and methods of practicing law is Paul Durbin. It is better for us to actually provide access to courts, good dispute resolution methods and deal with the ethical implications raised by EMOHHRs and DMOHHRs.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

restrict competition, interfere with disrupt or acquire business, clients and professional relationships without providing accurate and truthful information. Instead, such EMOHHRs focus on using difficult to discover and track methods such as, hacking, offensive harassment and/or retaliation to victimize others.

36. Further, in an effort to satisfy their personal unfairly competitive desires, these individuals create false appearances of Victims, restricts access to Courts, repeatedly Victimize individuals that do not agree to their demands, coercive tactics or threats.

37. In particular, focusing on Victims with evidence of hacking, harassment and retaliation to prevent the discovery, of such illegal, anti-competitive, unsympathetic, unenlightened, shortsighted, narrow minded actions. Creating the unfortunate and dangerous mind set of "do it if, I can get away with it" attitude, ignoring the hidden costs to Victims', their families, and in complete disregard of their civil, human and legal rights.

38. Upon information and belief, Serge Bieberman and its current, or former Client, Optics Planet Inc., through its' subcontractors like Scout, may have engaged in, some similar hacking, harassment, and retaliation, as recent as, December of 2014. Further, Plaintiffs suspect that Mr. Bieberman and/or Optics Planet Inc. may have engaged in efforts to access or circumvent Plaintiffs' user names, passwords, security protocols, website and email user names and passwords in the past six to nine months.

39. These two and a third individual by the name of Tony Kantor, another Extremely Motivated Offensive Hacker, Harasser and Retaliator (EMOHHR) were the impetus for an effort to create a Victims' Bill of Rights, drafted and presented by the former Lt. Governor Sheila Simon with assistance from Plaintiffs, its Clients, other Victims, Roscoe Village, Palatine, Winnetka, Northbrook, Northfield, Arlington Heights, Carbondale and many other Illinois Residents of over 2.6 million voters.

40. Plaintiffs, Sheila Simon, and Victims fighting back and saying "NO" were motivated to assist other Victims, in pursuing, the American Dream and protecting their own Civil Rights, Legal Rights to gather and preserve evidence that assures or guarantees the enhanced Privacy Rights provided by the IL Constitution and the United States Supreme Court Ruling in *Riley v. California*.[2]

---

[2] In addition, it appears that there are some needs to supervise and train police officers and jail detainees and limit the use of untrained private citizens or hackers that harass and violate Privacy Rights in the City of Chicago. The Mayor, Police Superintendent and/or Joe Ferguson may need to devote more resources to increasing awareness, training, need for annual psychological evaluations of overly, aggressive police officers, or jail detainees (3 or more excessive force complaints in a twelve (12) month period), and investigation techniques seminars for individuals that have (three or more false statements in any single report on a quarterly basis or two or more instances of failure to follow probable cause and search warrant requirements on a repeat basis. Jail detainees that photograph and fingerprint individuals without cross-referencing driver's license photographs and information with the Illinois Department of Motor Vehicles as suggested by Thomas A. Ioppolo (Supervising Assistant Attorney General at the IL Attorney General's Office). Training to dissuade police officers, jail detainees, and investigators to avoid engaging in playing "games" or "sending a message" to any private citizen based on a mere phone call and instead, follow proper investigation techniques, and

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

**VRP LAW GROUP'S COMMON EFFORTS TO PROTECT THE BENEFITS OF VICTIMS THAT CREATE BETTER SERVICES AND PRODUCTS FOR AMERICANS TO PROVIDE GREATER EMPLOYMENT OPPORTUNITIES. THE FUND AND THIS LAWSUIT ARE TO FINISH THE JOB THAT SHOULD HAVE BEEN FINISHED LAST JUNE 2014 AND NOVEMBER 2014 TO ENSURE THAT EVIDENCE IS ACQUIRED TO ASSERT RIGHTS AGAINST EMOHHRs AND DMOHHRs.**

41. These Extremely Motivated And Offensive Hackers, Harassers and Retaliators, repeatedly victimize and harass entrepreneurs, competitors, hardworking and honest citizens and good politicians attempting to assist Americans continue to be self-reliant, innovate, produce new products or services that contribute to the quality and enjoyment of all our lives.

42. These individuals (EMOHHRs) repeatedly utilize hacking, harassing and retaliatory actions by knowingly interfering with the Victim's ability to say "No" to their demands, threats, intimidation tactics, and efforts to "send a message." Sometimes, going, as far as, to interfere with any professionals' ability to directly discuss and communicate with their clients, access Clients' records or lists, intellectual property without a pre-hacking search warrant, or any other, legally permissible methods.

43. Moreover, these Extremely Motivated Offensive Hackers, Harassers and Retaliators utilize business methods that enable interested third parties to use unsavory business and anti-competitive business practices to hurt the Victims, further. Often, by taking one client at a time, repeatedly taking money, Clients' records, intellectual property, lying or misleading VRP Law Group's Clients' with false claims of its business methods and operations procedures.

44. To protect against these unsavory and anticompetitive business methods and tactics that decrease the American Citizen's ability to contribute to the local economy, spur innovation, increase taxable revenues, be independent and self-reliant and fiscally sound we are assisting Victims in fighting back. Otherwise, these Victims are creating opportunities for themselves and others, especially, Law Abiding Citizens like the Plaintiffs, and many other similarly, compassionate, patient, tolerant and understanding individuals willing to say "No", to "hacking and harassment with intent to violate legal rights."

45. Plaintiffs have created "The VRP Law Group Fund for Victims of Hacking and Harassment NFP" to help other Victims recover from these often, crippling and debilitating attacks that hurt the local economy, decrease tax revenues, decrease

---

jail booking procedures and techniques. Finally, restrict and proscribe use of private citizens that hack and provide leads of alleged or false accusations of criminal activity without respecting the new Privacy ruling by the United States Supreme Court *in Riley v. California* in December 2014.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

economic and educational opportunities for others, creating disharmony in the family structure or unit, and many similar, intangible, but priceless socioeconomic resources.

**VRP LAW GROUP'S EXCELLENT REPRESENTATION OF CLIENTS DURING CHALLENGING INCIDENTS OF INTENTIONAL AND KNOWING HACKING, HARASSMENT AND RETALIATION BY EMOHHRs AND DMOHHRs. FURTHER, VRP LAW GROUP'S COMMITMENT TO FIGHTING BACK AND CONDUCTING BUSINESS WITHOUT VIOLATING ANYONE'S PRIVACY RIGHTS, INTELLECTUAL PROPERTY RIGHTS AND DIGGING INTO ITS OWN POCKETS FOR ANY NECESSARY CAPITAL.**

46. Charles Mudd, Jeff Mann, Kayley Carswell, Kelsey Balk, Bill Bennett, Ed Rafa, Scout, and many other VRP Law Group Clients, or former Clients may have been lied to, or misled by defaming, derogatory and vilifying statements of facts. The EMOHHRs and their comparatively smaller DMOHHRs use factually inaccurate, intentional or recklessly false statements about VRP Law Group's business practices and services to mislead and disrupt relationships with any third parties.

   a. In particular, false statements that are designed to disrupt Clients' payments, collections of receivables, direct communications, typically, center allowing the following subjects:

      i    IT Audit and Security Practices;
      ii   Investigation and Evidence Gathering Techniques;
      iii  Billing, Invoicing, and Hourly rates;
      iv   Copyrighted and joint works;
      v    Contributions and sharing of rights of attribution;
      vi   Ownership and Authorship of client work product and deliverables; and
      vii  Personal ideals, beliefs and views of Plaintiffs' Managing Attorney (his family, loved ones and many neighbors) and their knowledge or involvement of prior hacking and offensive harassment, incidents going back more, than nine to ten months.

   b. Upon information and belief, Scout may have relied on rumors that may have been originated by John Ferguson, Tony Kantor, Serge Bieberman, Level Office and/or Optics Planet Inc. that violated Plaintiffs' Illinois Right of Publicity Act. All of these individuals and entities are jointly and severally liable for Plaintiffs damages.

   c. By relying upon, these rumors and actually asserting allegations, of some harassment or crazy stories by these EMOHHRs and DMOHHRs about the business practices of VRP Law Group. In an otherwise, ludicrous assertions for the first time, in twelve years asserting absurd threats about disciplinary

17

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

Complaints, the Defendants have improperly, created a false perception of VRP Law Group and its Owner.

d. During the months of May and June of 2014, VRP Law Group and its Managing Attorney were dealing with a variety of medical issues that prevented him from working a regular schedule, on occasions.

e. However, at all times, VRP Law Group satisfied its professional obligations to its Clients in a manner that exceeded the local or geographical standards in the legal industry.

f. Nevertheless, VRP Law Group and its contractors and employees took the time to make sure that we thoroughly, researched and provided the highest quality of legal services to exceed Clients' expectations in direct communications.

g. Without, being lied to or misled by third parties that focus on hyper-technical or the occasional typo to create a misleading appearance of the combined customized business, corporate, employment and intellectual property law services, transactional and litigation work products that VRP Law Group provides to all its Clients.

h. Thus, there was no detriment, or harm to the Clients' interests and related matters about ownership of Copyrighted Works and ensuring their ability to earn future royalties and rights to produce derivative works.

**VRP LAW GROUP'S PATIENCE AND REASONABLENESS IN ATTEMPTING TO COLLECT LEGAL BILLS TOTALING APPROXIMATELY $40,000 TO $45,000. FOR THE FIRST TIME IN MORE THAN TWENTY (20) MONTHS VRPL LAW GROUP HAD TO SEND MORE THAN THREE COMMUNICATIONS TO GET A BILL PAID. THIS WAS A DRASTIC DISRUPTION OF ITS USUAL BILLING AND COLLECTIONS PROCEDURES BY SOME EMOHHRs AND DMOHHRs.**

47. VRP Law Group rarely, ever initiates litigation against anyone, on its own behalf. However, it has been victimized repeatedly, over the last six to nine months and its ability to rebound quickly, has been hampered further by EMOHHRs and DMOHHRs. However, under these circumstances, it is required to proceed with litigation due to intentional efforts by Defendants to interfere with collection efforts, business practices, false claims or statements about loss of confidentiality, including evidence or records, after securing, Clients under absurd and ridiculous circumstances.

48. VRP Law Group is not in the business of suing anyone, but in this instance, it is compelled to file a lawsuit to avoid a further decrease in its fiscally sound business and operations procedures. Prior to June 2014, VRP Law Group had a separate

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

Working Capital Account with $40,000 to meet its overhead, business needs, continue to operate despite further EMOHHRs and DMOHHRs disrupt its business, engage in unfair competition, theft of intellectual property and invasions of Privacy.

49. Moreover, it appears that some individuals, or interested parties are unwilling to recognize the patience, tolerance and understanding nature of VRP Law Group's firm culture. Instead, creating false appearances that are designed to incite, provoke or elicit an escalated reaction during stressful discussions with key Clients.

50. VRP Law Group is the victim of a campaign of Deceptive and Unfair Business Practices by Defendants based on either, mistaken reliance on one, or more of the following:

   a. False assertions, claims, or reports of its Business Practices;
   b. IT Audits, investigation and evidence gathering techniques, security protocols and corrective measures;
   c. Engagement Agreement with Clients;
   d. Prospective economic advantage and projected legal fees; and
   e. VRP Law Group's ability to provide a high quality of professional legal services to all of its Clients.

51. VRP Law Group does not engage in the business of litigating for itself, other than, to clear its Brand Name, Professional Reputation, Trademarks and False Impressions created by some Extremely Motivated Offensive Hackers, Harassers and Retaliators. Some EMOHHRs and DMOHHRs intentionally and knowingly attempting to take its' Managing Attorney's Integrity, the Integrity of its Clients, and the Integrity of our combined business processes that focus on increasing the gross domestic production and profit without compromising their ethics, professional obligations and compliance with legal obligations.

52. Moreover, VRP Law Group is concerned about making sure, it is able to directly communicate with all its Clients and engage in business, efficient competition, expansion and development of internal and local resources for education, such as, the EEBC-It's Just Brunch Club, BIPEBlawg, ChicagoTrialCounsel, IPTrialAttorney, CorporateAcquisitionsAttorney, ChicagoEntrepreneursLawyer, and BusinessLitigationCounsel.

**IT IS APPARENT THAT VRP LAW GROUP'S FORGIVING, NAÏVE, PATIENT AND TRUSTING NATURE WAS AN IDEAL TARGET FOR EXTREMELY MOTIVATED OFFENSIVE HACKERS HARASSERS AND RETALIATORS OR (EMOHHRs AND DMOHHRs) FALSE AND MISLEADING STATEMENTS TO ITS CLIENTS TO PREVENT COLLECTIONS EFFORTS.**

53. VRP Law Group's focus is designed to provide a consistently, high quality of legal services, maintaining the confidentiality and integrity of Clients' Records,

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

protecting intellectual property law and ensure compliance with professional obligations.

54. Victims or Targets of such deceptive and unscrupulous business tactics are repeatedly victimized by the same or essentially, another related or Extremely Motivated Offensive Hackers, Harassers, and Retaliators.

55. Nevertheless, VRP Law Group is committed to illustrating, how despite a variety of challenges and/or obstacles it is possible not only, to provide a high quality of legal services, protect intellectual property, protect evidence and Clients' records, provide Clients with ways of ensuring compliance, with alternative methods of generating revenues and profit, without violations of the Law.

**VRP LAW GROUP'S COMMITMENT TO THE PROTECTION OF THE AMERICAN DREAM FOR ITS CLIENTS, ENTREPRENEURS AND ENABLEMENT OF VICTIMS TO FIGHT BACK WITH EVIDENCE RATHER THAN CONJECTURE. OUR INVESTMENT IN EVIDENCE GATHERING TECHNIQUES TO FIGHT OF EMOHHRs AND DIRECT MOTIVATED OFFENSIVE HACKERS HARASSERS AND RETALIATORS ("DMOHHRs").**

56. The VRP Law Group Fund for Victims of Hacking and Harassment NFP, and its new foray, into the area of providing Information Technology Audits, Cyber and Electronic Evidence gathering, preservation and techniques are designed to meet this challenge "Head On."

57. VRP Law Group is a Client "centric" Law Firm that utilizes technology created by its Managing Attorney based on technical, scientific and legal skills specifically, adapted for its practices. Novel, innovating and valuable intellectual property is part of its routine operations procedures to provide a higher quality of business, legal and professional services. Many business owners, entrepreneurs, technology professionals, their contractors and employees, much like other, accountants, doctors, therapists, other professionals and lawyers are committed to providing good services, work products and the need to protect it via intellectual property laws.

58. Further, VRP Law Group uses Confidentiality and Intellectual Property Assignment Agreements to protect its business, entrepreneurial, legal and technical research in developing novel and creative combinations of technology and legal solutions to protect its investments. America's policies that favor incentivizing and rewarding these industrious individuals can be found in The America Invents Act, the USPTO Publications and Rules, the Cyber Crimes Bureau's effort to protect the principles of innovation, capitalism and the profits needed to recoup research and development costs.

59. These policies and incentives to innovate and create better products and services are being compromised by the prevailing leniency towards repeat victimization by

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

EMOHHRs and DMOHHRs. Erosion of these policy interests lead to, further, hidden costs that lead to an overall decreasing rate of return on social utility and production of innovative and new products.

60. This cottage industry of businessmen ("Monday morning lawyers"), programmers or technology professionals that victimize these otherwise, productive, job and revenue generating individuals (Victims) are very motivated by a variety of reasons: a) a strong dislike and animus almost bias towards the Victims success; b) a desire to "win" at all costs and disregard ethical obligations and legal rights and play ("Monday Morning Litigators" that offer an opinion on everything under the sun); c) a motivation to take away another person's integrity, success, livelihood, or some combination thereof; and d) engage in unscrupulous efforts to restrict competition and a restraint on trade to create dysfunctional and chaotic oligopolies and professional relationships that invade the family unit, eventually.

61. The Victims are generally, successful, independent and responsible individuals that are not accustomed to even imagining, such unfairly competitive activities or unscrupulous tactics and are generally, willing to accept responsibility for themselves and the well-being of others. However, EMOHHRs and DMOHHRs are more concerned with the appearance of propriety, than an actual desire to provide something that adds values to the Clients' life or success.

62. Victims are forced to spend working capital, man hours, research and development resources and many other forms of resources to counteract the EMOHHRs and DMOHHRs more costly, operational methods, inefficiencies that force these Victims to cut costs, shrink infrastructure, invest more personal funds, shrink number of Clients based on a desire to drive these individuals to give up their integrity and create a less independent, self-sufficient and able bodied American Professionals or citizens that are forced to accept less, sacrifice personal desires and satisfaction, forced to choose between their profession, a personal life and family life.

    a. These Victims that are otherwise, independent, successful, self-reliant, patient, driven, compassionate and willing to take risks and work for a living are being driven out of the market by Unfair Competition. VRP Law Group Managing Attorney, and support network have spent more than $200,000 in money ($17K in IRA savings, $15K in deferred salary and personal loans, working capital ($30-$40K), $5-$10K in new technology and security measures and evidence gathering equipment; investment in intellectual property and efficient service delivery tools ($80K-$100K) and more than another ($50K-$70K) in research and development in Privacy protection, protection of victims and grass roots campaigns and comments support to the Former Lt. Governor on Sheila Simon's Bill of Rights against Criminal Harassment to supplement Rights against Criminal Hacking. (See. Exhibit C).

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

b. These Victims that are otherwise, able to provide new and innovative new products or services and use their personal savings, working capital, equity and intellectual property asserts for growth and revenue generation are hacked, offensively harassed and retaliated against repeatedly until, they are told that they are not able to provide the level and quality of services, or innovative products that they or others can.

c. These Victims and many other individuals like the Plaintiff (about 70 to 80 percent of the population) invest in their own technology, education, learning the processes and operations of their profession and trade, including how to respond to these cyberattacks, compliance with confidentiality obligations, intellectual property, investing in research and experimentation that provide better work product and services for a more reasonable legal fee, professional fees or service charges.

d. The Cottage Industry professionals of Programmers, Technology Professionals and Confidential Information Brokers and Traders is not all that different from the Cottage Industry for Identity Thieves looking to sell biographical and personal information. Each individual, EMOHHRs and DMOHHR is generally emboldened and able to lie and evade accountability by the anonymity provided by Internet Service Providers (ISPs) to acquire any electronic data, files, records or information of value that can be sold on the secondary or Cottage market of Information Brokers and Traders.

e. Each of these EMOHHRs or DMOHHRs is acting of their own accord, but motivated to hide their personal involvement by altering, copying, modifying or transferring information that is stored electronically and under color of the anonymity of the Internet repeatedly victimizes the individuals. These Victims are unwilling to compromise their integrity, cheat, circumvent ethical obligations, avoid violating the civil or legal rights of others, and driven by a genuine desire to provide substantive improvements that provide additional value to their consumers, clients, professional colleagues and contacts.

f. However, a few like the Extremely Motivated Offensive Hackers, Harassers and Retaliators and the Directly Motivated Offensive Hackers, Harassers and Retaliators are willing to repeatedly victimize and hide electronic evidence of the victimization by attempting to hide files, folders, change software or program settings in the following manner:

1 "attempting to hide or change system and file configuration modifications,";
2 "attempting to hide or change directory structures,";
3 "attempting to use fake certificates, hide or change firewall settings,";

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

4    "attempting to hide or change system and security settings for remote access,";

5    "attempting to hide or change workgroup settings";

6    "attempting to hide or constantly change stories, appearances, create crazy claims of conspiracies to evade capture based on general acceptance of the stories, appearances and crazy claims of conspiracies";

7    "attempting to hide evidence of legal violations or engage in an impermissible legal shifting of responsibility to other third parties"; and

8    Without, having the ability to gather evidence and pursue claims against the Extremely Motivated Offensive Hackers, Harassers and Retaliators and protection of Privacy Rights of these otherwise, highly efficient and productive individuals that make time for a well-balanced family and personal life.

## THE SEVERITY AND PERVASIVENESS OF THE OFFENSIVENESS OF THE EXTREMELY MOTIVATED HACKING, HARASSMENT AND RETALIATION (EMOHHRs AND DMOHHRs).  MOTIVATED BY ANIMUS AND EXTREME DESIRE TO PREVENT A NEW ENTREPRENEURIAL ATTORNEY AND HIS CLIENTS FROM SUCCEEDING IN BUSINESS AND LIFE.

63. Victims of such, Extremely Motivated efforts to intentionally Hack, Harass and Retaliate are generally unable to utilize the benefits of the technology they purchase, the investment in Intellectual Property that they develop and are often, repeatedly victimized along with their family members or loved ones.

64. The seemingly innocuous false appearances, inferences, leads, intentional or reckless gossip and pre-search warrant efforts to hack into the Victim's business and personal technology hide the desire, or true motive to force the Victim to give into the demands of Extremely Motivated Offensive Hackers, Harassers and Retaliators (each individual EMOHHRs and DMOHHRs are independent actors, unless he or she states otherwise, in discovery) that are not willing to take "No for an Answer" and willing to say absurd and crazier things:

a.   "I will take away your Integrity";

b.   "I will take away your business and clients";

c.   "I will take away your life";

d.   "I will take away your everything you own";

e.   "Get ready for more arguments and stress in your family life";

f.   "Do not file the lawsuit or everyone else will be liable for our wrongdoing";

g.   "We are not responsible for our actions and statements that violate the law, but your appearance of a hyper-technical violation of anything from a regulatory or professional rule makes you a liability for your clients and everyone else";

h.   "You have waived privilege";

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

i. "You have waived the doctor patient and physician privilege";
j. "Your silence is threatening, damaging or messing with my head";
k. "Your statements to non-clients violate attorney client communications privilege";
l. "Your statements violate confidentiality and a false appearance of an attorney client communications privilege to non-clients"
m. "Your using retainers";
n. "Your harassing me by sending me a bill";
o. "Your harassing me by contacting me directly";
p. "Your engagement agreement is just a contract";
q. "My attorneys' engagement agreement or advance retainer is binding, but your bills or invoices are fraudulent or unreasonable"
r. "Send him a message";
s. "Do not go to Court or you are going to face escalation of a simple civil trespass based on technical violations";
t. "I will take away your evidence away"; and
u. "You're going to jail."

65. Unfortunately, this has the possibility of creating ripple effects that enable, other interested, third parties to take advantage of the situation to mislead individuals, including the Victims' Clients, Business Partners, Friends, Family Members and/or Mentors.

66. Defendants are such, individuals that decided to utilize this as an opportunity to take advantage of and seize VRP Law Group's Client relationships.

**DEFENDANTS' EFFORTS TO ENGAGE IN DECEPTIVE BUSINESSS PRACTICES AND UNFAIRLY COMPETE WITH VRP LAW GROUP BY ATTEMPTING TO SEVER BUSINESS, CLIENT, FAMILY, PERSONAL AND PROFESSIONAL RELATIONSHIPS.**

67. For example, Laurie and Ben were considering leaving for another law firm, Mudd Law Offices; but upon, Vihar's return to the Office--he spoke with Ben to discuss a possible litigation strategy that would enable Clients to remain with VRP Law Group.

68. Within, 1-3 hours that were not billed to the Clients, Vihar R. Patel: developed a legal strategy that would enable the Clients to succeed, in the event, of a federal lawsuit.

69. Ben spoke with Vihar and stated that he would be talking with Laurie, but remains a current and future Client of VRP Law Group. Whereupon, a letter was prepared and sent to Laurie and Ben to ensure that it appropriately, summarized the conversation and followed up via email.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

70. More importantly, whereas, Vihar stated that Defendants' Mudd was a good copyright attorney; Defendants, in this case, EMOHHRs and DMOHHRs on the other hand, initiated a campaign of false allegations and fraud to taint any Clients' impression of VRP Law Group.

71. On more than, one such, occasion, Clients were fraudulently, or mistakenly, led by Defendants' to think that VRP Law Group was lacking in resources to serve the legal needs of its clients, despite additional investments in more computers, laptops, cell phones, routers, internet switches, servers, hard drives, flash drives, cables and wiring, technology, research and development, reference and industry or trade specific books, and further education in Privacy and Data Security issues to provide, more efficient, legal services.

72. Defendants continued this form of, deceptive and misleading unfair competition and campaign to further, dilute, disrupt, ruin, and tarnish the reputation of VRP Law Group to take away a Client earned from its legal writings and related brands, such as, the following: BIPE Blawg, EEBC-It's Just Brunch Club!, VRP Law, VRP Law Group, IPTrialAttorney, BusinessLitigationCounsel, ChicagoTrialCounsel, CorporateAcquisitonsAttorney, The VRP Law Group Fund for Victims of Hacking and Harassment NFP, and VRP Law Publishing.

73. Moreover, Defendants' attempted to limit, or quite simply, take expected future revenues, elicited blatantly false defaming comments about VRP Law Group, in carrying out, the tactics designed to disrupt our business.

74. These deceptive and misleading business practices were designed to prevent VRP Law Group from retaining all of its Clients, avoid receipt of payment, of their outstanding legal bills, and projected legal projects in its Daily, Weekly and Monthly Reports.

75. Defendants failed to consider or take any of the aforementioned into account and with a reckless disregard for the truth, or an intentional effort to lie created false appearances, or outright false statements of fact about its business practices, as mentioned above paragraphs 37, 41, and 52.

76. Defendants' knew that the work performed was to be performed and completed, on an hourly, basis and was more than reasonable, but kept making false appearances, or statements of facts about its business practices to mislead Clients into questioning the charges or avoid payment of the bills.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

77.  An example of the lies and elicitation of false and misleading statements led to Defendants Mudd falsely asserting that the Plaintiffs were using retainers, harassing and/or even no longer working or providing legal services.

78.  Unfortunately, there were times that it seemed like an Extremely Motivated Hacker, Harasser and Retaliator, such as, Mr. John Ferguson was eavesdropping and may, have been engaging, in an effort to mislead third parties, or related parties in an effort to elicit and publish false and misleading information about the Plaintiffs.

**OVERT APPEARANCES, EFFORTS, ACTS AND RELATED TACTICS DESIGNED TO DISRUPT VRP LAW GROUP'S EFFICIENT OPERATIONS, ENGAGEMENT AGREEMENTS WITH CLIENTS, PROVIDING VITAL JOBS AND TAXABLE REVENUES TO FIGHT CYBERCRIMES, PROTECT INTELLECTUAL PROPERTY AND ENABLE QUALITY BONDING TIME WITH THEIR FAMILY.**

79.  The efforts and comments seemed to be centered, on VRP Law Group's business practices, client relationships, financial position, employees and contractors head counts, operational, personal or business matters that could have a significant impact upon VRP Law Group's current and/or future business, clients, family and special relationships, professional reputation, and profitability.

   a.  Clearly, some other Clients may have relied, upon these false appearances, reckless gossip, and statements that mislead to them to make unreasonable claims of harassment, mislead and avoid compliance with their duty of candor, mislead and avoid paying reasonable legal fees, mislead and avoid having work performed that is actually requested, reasonable and necessary for the clients, and orally, threaten false disciplinary allegations;

   b.  Upon information and belief, Defendants contacted VRP Law Group within 1-2 months of these rumors beginning to escalate.  Moreover, it appeared that John Ferguson was listening into a conversation that VRP Law Group, its employees and contractors were having with Defendants on the speaker phone;

   c.  At such time, we switched from the speaker phone to a handset conversation to avoid rude commentary coinciding with our conversation and/or other such, similar noises from Mr. Ferguson's Office;

   d.  These comments and some technical glitches, increased the amount of times spent by VRP Law Group and its Contractors and Employees on performing Clients work at a slower and less efficient rate.  Obviously, this decreased the time available to bond with family, friends and loved ones; and

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

e. Although these coinciding comments seemed related to some activity on VRP Law Group's computers, at times it also, appeared to be intended to annoy, distract, frustrate, harass, intimidate, and/or prevent the efficient operations of VRP Law Group.

## DEFENDANTS' POTENTIAL MISUSE OF THE UNPUBLISHED COPYRIGHTED WORKS, MISAPPROPRIATED TRADE SECRETS, AND/OR RELATED ATTORNEY WORK PRODUCTS AND UNDERHANDED DELAYING TACTICS.

80. Defendants failed to act reasonably and failed to timely, respond and further, dragged out the discussions that routinely are resolved rather expeditiously.  It seemed that there was an effort to increase and drag out the amount of outstanding monies, or funds owed to VRP Law Group.

81. Defendants even, went so, far as, to assert that "VRP Law Group uses Retainers" or "harasses clients" for seeking collection of  more than reasonable legal fees in compliance with the Fair Debt and Collections Practices Act (FDCPA).

82. In addition to the above, Defendants engaged in the following efforts to dilute, ruin, tarnish the professional reputation and business practices of VRP Law Group and its employees and contractors:

a. Defendants falsely claimed that VRP Law Group used retainers, instead of, acknowledging that it used fee deposits as security against nonpayment.

b. Defendants falsely asserted that VRP Law Group engaged in harassment, instead of, routine collection efforts to recover an outstanding bill.

c. Ironically, Vihar R. Patel and VRP Law Group acquired, or procured many Clients based on its pre-existing relationships, commitment to providing current, relevant and concise online business, entrepreneurship legal, scientific articles and journals. Such as, the following: www.bipeblawg.com, www.eebrunchclub.com, www.chicagotrialcounsel.com, www.iptrialcounsel.com, and www.chicagoentrepreneursattorney.com

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

## Count I
**Federal and Common Law Trademark Infringement
Under Sections 1051 (a) and 1125 (a) and (c) of the Federal Lanham Act
(Direct and Contributory Infringement, Dilution and Tarnishment)**

71.    Defendants made a false or misleading statement of material fact about communications with a Client and other consumers or individuals, with special relationships, or prospective clients' relationships relating to the following:

a) Plaintiff's business practices;
b) Billing and payment practices;
c) Use of engagement agreements, including falsely asserting that attorney retainers were used instead of fee or security deposits;
d) False allegations relating to its collections practices with respect to legal fees;
e) False allegations of harassment;
f) False allegations of disclosure of litigation strategy in a confidential settlement communication to an opposing attorney;

72. Defendants made the aforementioned statements with the intent to deceive and mislead Plaintiffs' consumers.

73.    Defendants have a tendency to deceive the Plaintiffs' consumers in the Chicagoland area, with respect, to Plaintiffs' efficient business and operations procedures.

74.  Defendants were able to deceive, at least one, or more consumers in Plaintiffs' industry and geographic market.

75. Defendants was one of a few individuals, or entities that disseminated such false, and misleading statements in commerce, at least, in the market for legal services in Illinois.

76.  Defendants false and misleading activities have had some detrimental, or substantial impact on Plaintiffs' business, including acquisition of new consumers and receiving payments from existing Clients.

77.  Plaintiffs have suffered a loss in sales, revenues, and a direct loss of one, or more Clients, $250,000 in sales revenues, repeat work, additional lost profits and revenues, licensing revenues, additional dilution and loss of business, reasonable royalties, disgorgement of profits, and treble damages.

WHEREFORE, Plaintiffs' demand judgment against the Defendants for the following remedies:

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

a) A retraction of, any and all, false and misleading statements, in a manner, designed to alleviate, any such, actual or likelihood of confusion about the nature and quality of Plaintiffs' legal services, business practices, IT Audit Practices, confidentiality of privileged or trade secret information, investigation and preservation of electronic evidence;

b) A request for destruction of any advertising, marketing, branding, websites, any other electronic, or false and misleading statements that were published to any third parties, in any medium, in writing, or verbally republished EMOHHRs like (John Ferguson and Serge Bieberman), and Direct Offensive Hackers, Harassers and Retaliators (DOHHRs) like Scout;

c) A request for disgorgement, of any funds, new business projects, licensing revenues, lost profits, monies or sales revenues, reasonable royalties, receipt of legal fees from Clients that were acquired, as a direct result, of the false and misleading infringement, dilution, and tarnishment of both common law and registered service mark or trademarks;

d) A request for statutory and treble damages for willful infringement and exemplary damages, costs and including attorneys' fees;

e) A equitable or injunctive decree that prevents any Defendant, EMOHHRs, or DMOHHRs, from the use of, any of Plaintiffs' common law and registered trademarks or service marks to disseminate any information about the nature and quality of Plaintiffs' work product and services;

f) A request for a list of individuals, clients, or professional contacts contacted by Defendants, any EMOHHRs or DMOHHRs, that were contacted and provided false and misleading information about the nature and quality of Plaintiffs' work product and services;

g) A request for, at least, $250,000 in monies or more to be awarded at trial;

h) A request for a constructive trust for a full recovery of Plaintiffs' damages; and

i) Other Equitable, Injunctive or Plenary relief, the Court, deems fair and just too fully remedy the harm to the Plaintiff.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

## Count II

### Federal and Moral Copyright Infringement, Vicarious and Direct Copyright Infringement

78.  Plaintiffs repeats and re-allege each and every allegation, set forth, above in paragraphs 1-77, including the subparagraphs contained therein, as if set forth fully, herein.

79.  Upon information and belief, Plaintiffs allege that Defendants have or may have infringed its published and unpublished Copyrighted Works (literary and visual works, such as the (www.bieblawg.com), literary works (computer software and databases), and sound recordings, such as audio recordings (Collectively "Copyrighted Works") in Plaintiffs possessions that are protected under 35 USC Section 106 (a).

79.  Plaintiffs own the right to registered copyrights to some, of these literary works, these unpublished computer databases and sound recordings that are unpublished works that are also, protected under trade secret law, but protected under section 106 (a) and may constitute trade secrets, as well. Plaintiffs are the Authors and Owners of these Copyrighted Works and trade secrets in the unpublished forms of these works;

80.  Plaintiff's Moral Rights under 35 U.S.C Section 106 (a) relating to attribution and integrity Plaintiffs' Copyrighted Works that have been violated by Defendants; and

81.  Defendants copied, or had more than, reasonable access to these published and unpublished Copyrighted Works.   Some are registered and some are still trade secrets, but may, be registered if, they were leaked, or disseminated and no longer, capable of trade secret protection.

82.  Defendants' copied protected expression in Plaintiffs' copyrighted published and unpublished literary, computer and sound recordings or works (Collectively called "Copyrighted Works").

83.  Upon information and belief, Defendants' copies of Plaintiffs' Copyrighted Works were substantially similar, with respect to the protected expression and the heart of the Plaintiffs' Copyrighted Works.

84.  Upon information and belief, Defendants' distributed, published, produced derivative works or failed to provide Plaintiffs, the Authors with rights to attribution and integrity in the Copyrighted Works.

85.  Upon information and belief, Defendants' like John Ferguson utilize a variety of background file transfer protocols, hyper or virtual drives and assert special permissions to create false impressions of an authorized right to access Plaintiffs' Copyrighted Works

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

in violation of Plaintiffs' Privacy and in reckless disregard of their ability to monitor, supervise and secure these methods of combining peer to peer networks to permit wide sale distribution and sharing of Plaintiffs' Copyrighted Works.

86.  Not only, are these EMOHHRs like John Ferguson, Serge Bieberman, and Tony Kantor aware of and know of the wide sale dissemination of a variety of valuable confidential information, electronic records and/or intellectual property, like Plaintiffs' Copyrighted Works, but each individual takes advantage of and enables further dissemination of Plaintiffs' Copyrighted Works for personal desires, motives and profits.

87.  This completely disregard the direct infringement of Plaintiffs' Copyrighted Works by DMOHHRs, or misled Victims acting in good faith and without knowledge of background file transfer protocols (or the nature and content of the Copyrighted Works accessed and copied); but, being required to participate to permit connection of peer to peer networks to the individuals that are innocent, other Victims, family members or individuals willing to fight back, misled or lied to and innocent of many false accusations by certain EMOHHRs and DMOHHRs.

WHEREFORE, Plaintiffs demands judgment against the Defendants for the following remedies:

a) A Decree ordering a retraction of any and all false and misleading statements by EMOHHRs like John Ferguson, Tony Kantor, and Serge Bieberman, and Direct Offensive Hackers, Harassers and Retaliators (DOHHRs) like Scout in an manner designed to protect Plaintiffs' rights to attribution and integrity in the Copyrighted Works;

b) A Decree ordering a request for destruction and seizure of any materials, publications, literary or audio visual or electronically stored version of Plaintiffs' Copyrighted Works that infringe Plaintiffs' Copyrights, in Defendants' possession, or reasonably available upon, an investigation and requests, specifically, applicable to (EMOHHRs) like John Ferguson and Serge Bieberman, and Direct Offensive Hackers, Harassers and Retaliators (DOHHRs) like Scout;

c) A Decree ordering a request for disgorgement of any funds, legal fees, licensing revenues, disgorgement of profits, reasonable royalties, monies or sales revenues that were acquired as direct result of the copyright infringement;

d) An award of $250,000 in damages or more at trial;

e) A Decree ordering request for statutory damages, exemplary damages, and a reasonably royalty for any infringing works; and

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

f)  A decree of a constructive trust to be held for the monies, costs, and related matters that will assist Plaintiffs' in being compensated properly.

g)  Other Equitable, Injunctive or Plenary relief, the Court, deems fair and just too fully remedy the harm to the Plaintiff.

### Count III

### Intentional Interference with Engagement Agreement or Contractual Relationships With VRP Law Group's Clients Rights to Candid Direct Communications, Loyal, Pragmatic, Cost Effective and Zealous Representation

88.  Plaintiffs repeats and re-allege each and every allegation, set forth, above in paragraphs 1-87, including the subparagraphs contained therein, as if set forth fully, herein.

89.  Defendants have interfered with Plaintiffs and its Clients' receipt of the material benefits of the engagement agreement with Clients, such as, direct communications, candid and frank discussions on **Privacy Rights, Cyber law Rights, Intellectual Property Rights, Confidentiality, Privilege, Waivers and Reasonableness of Legal Fees.**

90.  Defendants have continued to interfere with Plaintiffs' ability to collect from Clients' and acquire repeat legal work from these Clients' under the engagement agreement.  Defendants effort to mislead VRP Law Group Clients' into giving up their legal rights, notice, due process, rights to access records, customized IT audits and corrective measures, prevent direct communications, interfere with the rights and benefits of the engagement agreement and contractual rights under VRP Law Group's Clients.

91.  Defendants have purposefully and intentionally, withheld evidence or information that would make it easier for Clients to sleep at night, clear up false and misleading statements, avoid false impressions of the Firm's legal services and having a one hundred percent certainty that all their records, are within Plaintiffs' possession and/or preserved confidentially.

92.  Defendants have intentionally interfered with Plaintiffs' and its Clients' operations of its business, security measures, evidence gathering techniques, acquiring knowledge and notice of any and all corrective measures, and/or receipt of legal advice and records under Plaintiffs' engagement agreement with Clients.

WHEREFORE, Plaintiffs demands judgment against Defendants for the following remedies:

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

a) Defendants' be ordered to provide for the increased costs in securing, duplication, protecting, preserving, investigating and gathering evidence disruption of business, prospective economic advantages and clients relationships of VRP Law Group;

b) Expenses in evidence gathering, sales, lost profits, expected legal work, development of joint ventures, intellectual property licenses to trade secrets, copyrighted and derivative works of VRP Law Group;

c) Defendants be ordered to provide any and all compensatory damages, consequential damages, legal fees, and/or punitive damages;

d) Defendants be ordered to provide, any and all, lost profits relating to plans to expand into a Satellite Office in California, hiring of an additional Law Clerk and negotiation and finalization of a three, or five year lease, and costs of litigation; and

e) Plaintiffs' be awarded, at least, $250,000, or more at trial, in this matter.

## Count IV

### Intentional Interference with Clients Relationships
### With VRP Law Group's Clients Rights to Candid Direct Communications, Loyal, Pragmatic, Cost Effective and Zealous Representation

93. Plaintiffs repeats and re-allege each and every allegation, set forth, above in paragraphs 1-92, including the subparagraphs contained therein, as if set forth fully, herein.

94. Defendants have interfered with Plaintiffs and its Clients' receipt of the material benefits of the engagement agreement with Clients, such as, direct communications, candid and frank discussions on **Privacy Rights, Cyber law Rights, Intellectual Property Rights, Confidentiality, Privilege, Waivers and Reasonableness of Legal Fees.**

95. Defendants have continued to interfere with Plaintiffs' ability to collect from Clients' and acquire repeat legal work from these Clients' under the engagement agreement.

**96.** Defendants effort to mislead VRP Law Group Clients' into giving up their legal rights, notice, due process, rights to access records, customized IT audits and corrective measures, prevent direct communications, interfere with the rights and benefits of the engagement agreement and contractual rights under VRP Law Group's Clients.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

97.  Defendants have purposefully and intentionally, withheld evidence or information that would make it easier for Clients to sleep at night, clear up false and misleading statements, avoid false impressions of the Firm's legal services and having a one hundred percent certainty that all their records, are within Plaintiffs' possession and/or preserved confidentially.

98.  Defendants have intentionally interfered with Plaintiffs' and its Clients' operations of its business, security measures, evidence gathering techniques, acquiring knowledge and notice of any and all corrective measures, and/or receipt of legal advice and records under Plaintiffs' engagement agreement with Clients.

WHEREFORE, Plaintiffs demands judgment against Defendants for the following remedies:

a)  Defendants' be ordered to provide for the increased costs in securing, duplication, protecting, preserving, investigating and gathering evidence disruption of business, prospective economic advantages and clients relationships of VRP Law Group;

b)  Expenses in evidence gathering, sales, lost profits, expected legal work, development of joint ventures, intellectual property licenses to trade secrets, copyrighted and derivative works of VRP Law Group;

c)  Defendants be ordered to provide any and all compensatory damages, consequential damages, legal fees, and/or punitive damages;

d)  Defendants be ordered to provide, any and all, lost profits relating to plans to expand into a Satellite Office in California, hiring of an additional Law Clerk and negotiation and finalization of a three, or five year lease, and costs of litigation; and

e)  Plaintiffs' be awarded, at least, $250,000, or more at trial, in this matter.

## Count V

### VRP Law Group's Rights under the IL Right of Publicity Act

99.  Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs 1-98, including the subparagraphs contained therein, as if set forth fully, herein.

100.  Defendants have interfered with Plaintiffs' receipt of clients, sales revenues, protection of repeat business, by misrepresenting Plaintiff, misleading others, into publishing false and misleading statements, with an intent to violate the Plaintiffs and the

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

Managing Attorney, or VRP Law Group's Right of Publicity under the IL Right of Publicity Act.

101. Defendants have continued to interfere with Plaintiffs' ability to collect from current and/or former Clients under their engagement agreements by misleading individuals with a special relationship about the identity, personal views, sound of his voice by hacking and intentionally engaging in bad faith harassment via disruption of cell phone and email communications, legal capabilities, the nature and quality of legal representation provided to Clients.

102. Defendants have continued to engage in reckless and intentional gossip with bad faith intent or malice to create a false view of Plaintiff and VRP Law Group's Managing Attorney's identity. These false and misleading commercial and public statements relating to Plaintiffs' name, identity, private and personal ideologies, character and fitness to practice law, and other conducting business in a manner that enables or facilitates the invasion of Privacy under the First Amendment, or Seclusion of Victims, without the benefits and protections of the search warrant requirement and in invasion of Plaintiffs' and its clients' Privacy.

103. Defendants violations of the IL Right of Publicity Act are not only, blatant but purposeful, to interfere with Plaintiffs' business operations to create false appearances to disrupt its professional relationships.

104. Defendants violations have resulted in significant harm to the Plaintiffs and Plaintiffs are entitled to statutory damages of $1000 per violation.

WHEREFORE, Plaintiffs demands judgment against Defendants for the following remedies:

a) Defendants' be ordered to pay statutory damages of $90,000, or more in an amount to be determined at trial;

b) Defendants be ordered to pay legal fees and expenses in an amount to be determined at trial; and

c) Defendants be ordered to provide any and all lost profits lost relating to plans to expand into a Satellite Office in California, hiring of an additional Law Clerk and negotiation and finalization of a three or five year lease, and costs of litigation.

## Count VI
## Plaintiffs' VRP Law Group and its Clients' Trade Secret Misappropriation Act Claims under the IL Trade Secrets Act

105. Plaintiffs repeats and re-alleges each and every allegation, set forth, above in paragraphs 1-104, including the subparagraphs contained therein, as if set forth fully, herein.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

106.  Defendants have interfered with Plaintiffs and its Clients' confidential information and Trade Secrets, defined, as follows: its internal operational procedures, such as, "case tracking database", daily, weekly, monthly report, clients lists, time and invoicing software, VRP Law Group Case Law Library, VRP Law Group Forms Library, unpublished power point presentations, legal reference manuals, intellectual property memoranda, intellectual property portfolios, mark ups of websites, marketing and sales plans, unpublished business and legal publications and source materials, and a variety of other business information that is a Trade Secret as defined under the IL Trade Secrets Act and provide a huge competitive advantage to VRP law Group.  765 ILCS 1065/2; 765 ILCS 1065/2 (d) (1), 765 ILCS 1065/2 (d) (2).

107.  Plaintiffs have undertaken, more than, reasonable efforts to limit access to, restrict contractors and employees use of VRP Law Group and its Clients' Trade Secrets, with a variety of redundant and secure protocols that utilize passwords, user names, pins, operational manuals and procedures, confidentiality provisions in contractor and employment agreements, and confidentiality and intellectual property assignment agreements.  765 ILCS 1065/8(a) and 765 ILCS 1065/8(b).

108.  Defendants have purposefully and intentionally, attempted to access circumvent password protections and related matters to try to take away the Plaintiffs' competitive advantages and Clients lists and provided false and misleading information to third parties, including Clients based on stolen clients lists.

109.  Upon information and belief, Defendants have either, shared this via peer to peer networks, or orally, through in appropriate discussions relating to VRP Law Group Trade Secrets that are not otherwise, known in the legal industry.

110.  Defendants have intentionally, or more than likely, have misappropriated VRP Law Group's Trade Secrets and disseminated, without the Plaintiffs' express or explicit written approval.

111.  Upon information and belief, Defendants have shared VRP Law Group's Trade Secrets under the IL Trade Secrets Act with third parties, without express written permission from VRP Law Group.

112.  Defendants have proximately caused significant damage to VRP Law Group and its Clients relating to the misappropriation, sharing and dissemination of its Trade Secrets with third parties.

WHEREFORE, Plaintiffs requests over a $100,000 in damages for loss and misappropriation of trade secrets and related damages, such as, lost profits, compensatory damages, punitive damages, legal fees and expenses and other damages, or for an amount to be determined at trial.

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

## Count VII
### Plaintiffs' VRP Law Group and Its Clients' Have Suffered From Civil Violations of the Computer Fraud Abuse Act

113.  Plaintiffs repeats and re-allege each and every allegation, set forth, above in paragraphs 1-112, including the subparagraphs contained therein, as if set forth fully, herein.

114.  Plaintiffs rights under the Computer Fraud and Abuse Act, under Title 18 U.S.C. §1030(a) et. Seq. have been violated.

115.  Plaintiffs rights to Privacy, Possession and interest in its electronic computers, servers, networks, and files have been accessed or the authority to access has been exceeded without requests for any written permission from VRP Law Group's managing attorney.

116.  Defendants have made unauthorized access and exceeded any claimed authorization to access clients' records, clients' lists, and intellectual property, VRP Law Group Trade Secrets using a computer and an internet connection to access VRP Law Group's Networks, Servers, Mobile Hot Spots and Office Work Groups.

117.  Defendants have intentionally and willfully violated the restricts found in Title 18 U.S.C. §1030(a) et. Seq.

118.  To the extent that there has been any bona fide and good faith efforts by any third partie(s) to prevent or restrict violations of the Plaintiffs' Rights to Privacy in his or her Mind, Body, Business, Intellectual, Personal and Real Property to limit the access or restrictions to the use of VRP Law Group's cell phones, computers, laptops, networks to the detriment of its owners, contractors and employees without the benefit of a properly executed search warrant upon the Plaintiffs.

WHEREFORE, Plaintiffs' seek statutory damages, civil penalties and fines, attorneys' fees, expenses and costs, in an amount to be determined at trial, but no less than $100,000.

Respectfully By:
S:/Vihar R. Patel
Vihar R. Patel
Yelena Rivtis
Dennis Esford
VRP Law P.C. aka VRP Law Group
Attorney ID 6276274
2041 W. Carroll Ave., Suite C-208
Chicago, IL 60612
Ph: 312-854-7090
Mobile: 312-316-8935
E: vihar@vrplawgroup.com
E: vrplawgroupchicago@gmail.com

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

### Certificate of Service

I, Vihar Patel, certify that as provided by law pursuant that I served a copy of the aforementioned, Complaint At Law from Plaintiffs to Defendants including any enclosures and exhibits, upon to be served upon via personal services or via email based on consent and waiver of personal service of summons:

John Ferguson

help@shotfarm.com, sales@SparetoShare.com GVJ@sparetoshare.com in care of John Ferguson JVF@sparetoshare.com

Copyrights Retained by Vihar R. Patel
and VRP Law Group 2015

# EXHIBIT

A

**EXHIBIT**

**B**

**EXHIBIT**

**C**

# EXHIBIT

# D

43

## EXHIBIT

F

44

**EXHIBIT**

G

# EXHIBIT

H